IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREW KEHDI,                    )
                                 )
        Plaintiff,                )       Civil No. 06-6242-AA
                                 )           OPINION AND ORDER
    vs.                          )
                                 )
BNSF RAILWAY COMPANY,            )
a Delaware Corporation,          )
                                 )
        Defendant.               )
_____)

David Jensen
Jensen, Elmore & Stupasky, P.C.
199 E. 5th Ave., Ste 25
Eugene, OR 97401

William G. Jungbauer
Yaeger, Jungbauer & Barczak, PLC
745 Kasota Ave.
Minneapolis, MN 55414
    Attorneys for Plaintiff

David P. Morrison
Cosgrave Vergeer Kester LLP
805 SW Broadway, 8th Floor
Portland, OR  97205
    Attorney for Defendant

Page 1 - OPINION AND ORDER

AIKEN, Judge:

In this personal injury suit, plaintiff Andrew Kehdi brings an action against his employer, defendant BNSF Railway Company, for an alleged violation of the Locomotive Inspection Act ("LIA"). Specifically, plaintiff claims that defendant's violation of the LIA establishes defendant's liability as a matter of law under the Federal Employer's Liability Act. The case is before this court on plaintiff's motion for partial summary judgment. The court heard telephone oral argument on October 2, 2007. Plaintiff's motion is granted.

## I. Facts

On April 14, 2005, plaintiff was working as a locomotive engineer for defendant. According to the locomotive's Daily Inspection Card, at approximately 8:00 a.m. on that day, plaintiff signed his initials to the Daily Inspection Card without noting any defects or non-complying conditions on the locomotive. At approximately 2:30 p.m., the locomotive on which plaintiff was working stopped on the mainline track near Bend, Oregon.

While waiting for authorization to proceed on the track, plaintiff walked to the tool and compressor compartment to retrieve a hammer and wrench to fix the latch on the locomotive's bathroom door. Plaintiff alleges that as he exited the compartment, he slipped and fell due to oil on the floor of the

compartment. Plaintiff further alleges that oil on the floor and on the soles of his boots caused him to slip and fall two more times.

Plaintiff reported his accident to the train conductor and asked the conductor to take photographs of the scene of the accident. Subsequent to plaintiff's accident, the defendant inspected the locomotive on which plaintiff had been working. Defendant completed a "Report of Inspection," an "Employee Personal Injury Report," and a "Supervisor's Report." The following day, plaintiff completed and filed an "Employee Personal Injury Report."

## II. Standards

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

### III. Discussion

Plaintiff moves for summary judgment, arguing that defendant's alleged violation of the Locomotive Inspection Act establishes defendant's liability under the Federal Employers' Liability Act. The defendant disagrees and asserts that: (1) certain exhibits relied upon by plaintiff are inadmissible as a matter of law; (2) plaintiff failed to provide evidence establishing causation; and (3) plaintiff's credibility is at issue and therefore summary judgment is inappropriate.

A. Admissibility

Defendant argues that the reports upon which plaintiff relies are inadmissible as a matter of law. Specifically,

defendant alleges that Plaintiff's exhibits 4 ("Report of Inspection"), 5 ("Employee Injury/Illness Record"), and 6 ("Supervisor's Report") are subject to the evidentiary privilege established under 49 U.S.C. § 20903. That statute provides:

> No part of an accident or incident report filed by a railroad carrier under section 20901 of this title or made by the Secretary of Transportation under section 20902 of this title may be used in a civil action for damages.

49 U.S.C. § 20903 (1994).

Section 20902 authorizes the Secretary of Transportation to investigate all accidents and incidents resulting in serious injury to an individual or to railroad property. Id. at § 20902. Section 20901 further requires railroad carriers to file, under oath, monthly reports with the Secretary of Transportation on all accidents and incidents resulting in injury, death, or damage. Id. at § 20901.

Pursuant to section 20901, Federal Railroad Administration ("FRA") regulations require railroad companies to complete form FRA F6180.55, a monthly summary report of all accidents and incidents, and to file that report under oath with the Secretary of Transportation. 49 C.F.R. § 225.21(b) (2003). Although the FRA regulations also require railroad companies to complete FRA form F6180.98 or an alternate, that form is used merely to record the injuries and illnesses of railroad employees. Id. at § 225.21(c). In contrast to FRA F6180.55, FRA 6180.98 is not a

Page 5 - OPINION AND ORDER

monthly summary report, is not made under oath, and is not filed with the Secretary of Transportation. Id.

The reports referenced in 49 U.S.C. §§ 20901 - 20903 are distinguishable from the reports at issue in this case. Plaintiff's exhibit 5 ("Employee Accident/Illness Record") is an alternate FRA form F6180.98 used for internal reporting purposes; defendant did not file that form under oath with the Secretary of Transportation. Likewise, plaintiff's exhibits 4 ("Report of Inspection") and 6 ("Supervisor's Report") are not required by section 20901 to be filed under oath with the Secretary of Transportation.

The plain language of the statute does not support defendant's contention that defendant's internal reports are privileged. Section 20903 limits the evidentiary privilege to accident or incident reports filed under Section 20901, which in turn requires monthly summary accident reports to be filed under oath with the Secretary of Transportation. None of the reports at issue in this case meet those specifications. Therefore, plaintiff's exhibits 4, 5, and 6 are admissible.

Defendant also argues that plaintiff's exhibit 2 is inadmissible for failure to properly authenticate the photographs therein. Defendant's motion is denied as moot due to plaintiff's subsequent authentication.

///

B. Liability Under the LIA

Plaintiff argues that defendant's violation of the LIA imposes strict liability upon defendant as required by the Federal Employer's Liability Act ("FELA"). Under the FELA, a railroad is strictly liable for injuries caused by a violation of a statute or regulation enacted for the safety of railroad employees. Lilly v. Grand Trunk R. Co., 317 U.S. 481, 485 (1943); Kernan v. Am. Dredging Co., 355 U.S. 426, 432-33 (1958). The LIA was enacted by Congress for the purpose of promoting safety for railroad employees and the public. Id.

For the purposes of employees' lawsuits, the LIA eliminates the necessity of proving that a violation of a safety statute constitutes negligence; rather, proof of such a violation is effective to show negligence as a matter of law. Urie v. Thompson, 337 U.S. 163, 189 (1949). In order to establish negligence as a matter of law, plaintiff must show that (1) defendant violated a provision of the LIA, and (2) such violation caused plaintiff's injuries. Kernan, 355 U.S. at 432-33. The Supreme Court has held that Department of Transportation rules and regulations have the same force and authority of law; thus, a violation of a Department of Transportation regulation constitutes a violation of the LIA *per se*. Lilly, 317 U.S. at 488.

///

Relevant here, the Department of Transportation, Federal Railroad Administration has promulgated the following railroad locomotive safety regulation: "Floors of cabs, passageways, and compartments shall be kept free from oil, water, waste or any obstruction that creates a slipping, tripping, or fire hazard." 49 C.F.R. § 229.119(c)(2003).

1. Violation of the LIA

In order to succeed on a motion for summary judgment, plaintiff must show that (1) defendant violated 49 C.F.R. § 229.119(c), and (2) such violation caused plaintiff's injuries. Plaintiff has provided evidence in the form of photographs, internal reports completed by defendant, and plaintiff's testimony in order to prove that oil or other slippery residue on the floor of the compartment room violated 49 C.F.R. § 229.119(c).

Defendant, however, argues that the proper reading of 49 C.F.R. § 229.119(c) permits a violation to be found not by the mere presence of oil, but rather only when the oil creates a slipping hazard. In defense of this regulatory construction, defendant cites Gregory v. Missouri Pacific R. Co., 32 F.3d 160 (5th Cir. 1994). In Gregory, an employee brought suit against his railroad employer after he slipped and fell in oil on a locomotive walkway. Id. at 165. On appeal from a judgment for Gregory, the court held that the regulation is not violated by

Page 8 - OPINION AND ORDER

the mere presence of *any* oil on a passageway; rather, the presence of oil is a violation only if it creates a "slipping, tripping, or fire hazard." Id. (emphasis in original).

When interpreting the regulation according to its plain and ordinary meaning, it clearly prohibits the presence of specific substances of oil, water, and waste. The regulation then goes on to generally prohibit any other "obstruction" that creates a "slipping, tripping, or fire hazard." See 43 C.F.R. § 229.19(c).

Here, plaintiff has provided evidence that oil or other slippery residue was present on the floor of the compressor room. After plaintiff fell, he asked a coworker to take photographs of the accident site. The photographs clearly show a substance on the compartment floor; a slip mark is clearly visible in the substance. After the accident, defendant completed a Report of Inspection in which three independent inspectors appointed by defendant examined the compartment and likewise found a "residue" on the floor. The report reflects that in order to cure this condition, the inspectors "cleaned up residue in compressor room floor area."

Defendant asserts that a factual dispute exists concerning the identification and amount of any residue on the compartment floor; specifically, defendant contends that plaintiff has not provided evidence to establish where the residue was located and whether the residue was present in an amount sufficient to create

Page 9 - OPINION AND ORDER

a slipping hazard.  To counter this assertion, plaintiff points to the photos, which clearly show a slip mark running through a substance on the floor, and the Report of Inspection, in which defendant's own inspectors reported the presence of residue on the floor in sufficient amounts that clean up was necessary.

On a motion for summary judgment, the nonmoving party must set forth specific facts of a substantial nature, and conclusionary or speculative statements are insufficient to raise genuine issues of material fact.  Fed. R. Civ. P. 56(e).  In Gregory, for example, the defendant railroad raised a genuine issue of material fact by providing testimony that the oil present on the floor was not slippery: an employee testified that the oil appeared "crusty looking," more like a "dirty grease" than slippery oil, and that there were "no apparent marks of anybody slipping in this oil or grease."  32 F.3d at 165.  Here, plaintiff has provided photos showing a slick looking substance with a slip mark running through it.  Defendant has offered no affirmative evidence or testimony contradicting the evidence provided by plaintiff.

The evidence in this case establishes that a residue was present on the floor of the compressor compartment, where the plaintiff slipped and fell.  The presence of this residue violates 43 C.F.R. § 229.119(c) by creating a slipping hazard. This, in turn, violates the Locomotive Inspection Act on its

face.

## 2. Causation

The second part of the test for establishing negligence as a matter of law asks whether the violation of the LIA caused plaintiff's injury. The standard of causation required in an LIA negligence per se case is the same as the standard of causation required in a traditional FELA negligence case. See, e.g., Urie, 337 U.S. 188-89; Carter v. Atlanta & St. Andrews Bay Ry., 338 U.S. 430, 434 (1949). The Supreme Court has indicated that the standard of causation required under the FELA differs from common-law proximate cause. Oglesby v. Southern Pacific Transp. Co., 6 F.3d 603, 607 (9th Cir. 1993). Specifically, a relaxed causation standard applies under FELA. Consolidated Rail Corporation v. Gottshall, 512 U.S. 532, 543 (1994). The test of whether a case should be submitted to the jury under the FELA is whether the evidence justifies the conclusion that the violation of the LIA "played any part, even the slightest, in producing the injury or death for which damages are sought." Rogers v. Missouri Pac. R.R., 352 U.S. 500, 506 (1957); Oglesby, 6 F.3d at 606.

In this case, defendant alleges that there is inadequate evidence to establish causation because plaintiff was the sole eyewitness to the accident and the amount of residue on the floor may have been insufficient to cause plaintiff's fall. At oral

Page 11 - OPINION AND ORDER

argument, defendant relied on Hansen v. BNSF, 2005 WL 1388127 (E.D. Cal. 2005), to support its contention that summary judgment should be denied. In Hansen, the court denied summary judgment because the plaintiff failed to establish that the oil on the locomotive walkway caused him to slip and fall. Id. at *1. In support of his claim, plaintiff offered only his own testimony and the testimony of a coworker who observed plaintiff *after* the alleged slip. The railroad company provided evidence that an employee inspecting the walkway after plaintiff's fall did not observe "slip markings [or] boot marks that indicated that someone may have fallen [on the walkway]"; defendant also relied on plaintiff's testimony that he did not see any oil on the walkway immediately before slipping.

Here, in addition to plaintiff's testimony, plaintiff has provided photographs, taken by the train's conductor, showing an oily residue on the floor of the compartment, with evident slip markings within the residue. The court finds sufficient evidence to justify the conclusion that the violation of the LIA played at least a "slight" part in producing the injury for which damages are sought.

C. Plaintiff's Credibility

Defendant argues that summary judgment is inappropriate due to plaintiff's lack of credibility. A factual dispute is material where it involves a disagreement over facts that might

Page 12 - OPINION AND ORDER

affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing summary judgment may not rest upon "mere allegations or denials" but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely arguing that a jury might disbelieve a witness is not sufficient to meet the nonmoving party's burden of opposing a properly supported summary judgement with affirmative evidence. Anderson, 477 U.S. at 248.

Here, defendant argues that a genuine issue of material fact exists based on evidence challenging plaintiff's credibility. Defendant relies on the following evidence: (1) plaintiff is the sole eyewitness to his accident; (2) the bathroom door latch that prompted plaintiff to seek tools in the compressor compartment was later found to be in good working order; and (3) hours before plaintiff's accident, he completed a Daily Inspection Card without noting any defects or non-complying conditions such as oil on the compressor room floor.

First, the defendant compares this case to Rivera v. Union Pacific Railroad, 868 F.Supp. 294 (D. Colo. 1994), where the court denied plaintiff's motion for summary judgment finding the case turned on plaintiff's credibility. There, the plaintiff engineer was injured in a fall that he alleged was caused by a brake valve handle left on the floor of the locomotive. Id. at 297. The railroad company disputed plaintiff's claim that the

Page 13 - OPINION AND ORDER

handle was on the floor, and plaintiff was able to offer only his testimony in support of his claim. Id. at 299. Thus, the judge held that defendant's liability rested on plaintiff's credibility and therefore denied plaintiff's motion for summary judgment. Id.

The facts of this case are distinguishable from those in Rivera. While plaintiff here is the sole eyewitness to his accident, unlike Rivera, he has provided additional evidence to supplement his testimony. Photographs taken by an uninterested party show residue on the floor of the compressor room; a slip mark in the oil is clearly identifiable in the photographs. In addition, defendant's inspection report conducted after the accident not only noted residue on the floor of the compartment, but also indicated the residue was present in an amount that necessitated cleaning up. Thus, unlike Rivera, defendant's liability here does not turn on plaintiff's testimony alone; rather, plaintiff has provided additional evidence to support his claim.

Second, defendant challenges plaintiff's credibility regarding his allegation that he entered the compressor room to obtain tools to fix the bathroom door latch. The inspection report conducted by defendant following the accident observes that the "door to toilet room was fine." Plaintiff, when shown photographs of the bathroom door latch appearing to be in good

working order, maintained that the latch appeared different in the photographs than it did on the day of the accident.

The defendant argues that this dispute regarding the bathroom door latch raises a serious issue as to plaintiff's credibility. The court disagrees. Whether the bathroom door latch actually required tools in order to repair it is immaterial; the plaintiff believed that tools were required and this belief drove him to enter the compressor compartment in search of tools. Defendant has failed to raise a serious issue as to plaintiff's credibility on this point.

Third, defendant argues that plaintiff inspected the locomotive on the date of the accident and failed to note any defects or non-complying conditions, such as accumulated oil or residue on the floor. Defendant argues that this evidence challenges plaintiff's credibility. The court finds this argument without merit. On the date of the accident, the Daily Inspection Card was initialed at 8:00 a.m., indicating that the inspection of the locomotive was complete for that day. Plaintiff's accident occurred at approximately 2:30 p.m. The oil or residue on the compressor room floor could have appeared at any time after 8:00 a.m. The fact that plaintiff completed the Daily Inspection Card at 8:00 a.m. without noting a non-complying condition does not call into question plaintiff's credibility.

## IV. Conclusion

Plaintiff's motion for partial summary judgment (doc. 17) is granted. The court finds defendant liable as a matter of law for plaintiff's claim pursuant to the Federal Employer's Liability Act.

IT IS SO ORDERED.

Dated this __11__ day of October 2007.

                                              /s/ Ann Aiken
                                                 Ann Aiken
                                      United States District Judge